IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 25-184-ELG |
| Swain Landing LaPlata JC, LLC ) | |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| Erik D. Bolog, ) | Case No. 25-10019-ELG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Swain Landing LaPlata JC, LLC. ) | |
| ) | |
| Defendants ) | |

**ANSWER, AFFIRMATIVE DEFENSES AND
CONSENT TO ENTRY OF FINAL ORDERS AND JUDGMENT**

Comes now Swain Landing LaPlata JC, LLC ("Swain Landing" or the "Debtor"), by and through undersigned proposed counsel, pursuant to Federal Rule of Bankruptcy Procedure 7008 and Federal Rule of Civil Procedure 8, and in answer to the complaint (the "Complaint," as found at DE #1) filed by Erik D. Bolog ("Mr. Bolog" or the "Plaintiff") states as follows:

1. Pursuant to Federal Rule of Civil Procedure 8(b)(1)(B), the Debtor admits the allegations set forth in paragraphs 1-4, 6-15, 17-22, 24-26, 28-29, 34 (though the Debtor lacks knowledge sufficient to admit or deny the particulars of the phone call referenced therein and, therefore, denies the same) and 36 of the Complaint.

2. In response to paragraph 32 of the Complaint, Swain Landing admits that Mr. Bolog "seeks judgment against Swain Landing for contribution . . .," but denies that such a judgment ought to be entered.

1

3. Pursuant to Federal Rule of Civil Procedure 8(b)(5), the Debtor asserts it is without knowledge sufficient to admit or deny the allegations set forth in paragraphs 5 and 16 of the Complaint and, as such, denies the same.

4. Pursuant to Federal Rule of Civil Procedure 8(b)(3), the Debtor denies all allegations of the Complaint not expressly admitted herein.

5. Paragraphs 27 and 33 of the Complaint do not set forth allegations that appear to call for an admission or denial yet, to the extent so necessary, the Debtor incorporates its admissions and denials of all preceding paragraphs of the Complaint in response to the allegations of those two paragraph of the Complaint.

## Affirmative Defenses

6. As and for its first affirmative defense, Swain Landing asserts the Complaint fails to set forth a claim for which relief may be granted.

7. As and for its second affirmative defense, Swain Landing asserts Mr. Bolog is barred from recovering by virtue of the doctrine of laches.

8. As and for its third affirmative defense, Swain Landing asserts Mr. Bolog is barred from recovering by virtue of the doctrine of waiver.

9. As and for its fourth affirmative defense, Swain Landing asserts Mr. Bolog has no liability to Claudia Engelhorn, any trust under the helm of Claudia Engelhorn, and/or White Pearl, LLC, and as such, there exist no claims for which indemnity or contribution may be awarded.

10. As and for its fifth affirmative defense, Swain Landing asserts that litigation of the claims underlying Mr. Bolog's causes of action for indemnity and contribution, in any tribunal other than this Honorable Court, constitutes a violation of the doctrine set forth in *Barton v.*

*Barbour*, 104 U.S. 126 (1881) and, as such, cannot give rise to the foundation for any claim against the Debtor.

### Consent to Entry of Final Orders or Judgment

11.Pursuant to Federal Rule of Bankruptcy Procedure 7008 and Local Rule 7012-1, Swain Landing consents to the entry of final orders or judgment by this Honorable Court.

Respectfully submitted,

Dated: July 13, 2025By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: 301-444-4600
Facsimile: 301-444-4600
E-mail: mac@mbvesq.com
*Counsel for Swain Landing LaPlata JC, LLC, Debtor-in-Possession*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July, 2025, a copy of the foregoing was served electronically upon filing via this Honorable Court's CM/ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig